IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JUAN M. RAMIREZ, III § § Plaintiffs, § § v. § § HOFFMAN-LAROCHE, INC.; ROCHE § LABORATORIES, INC.; DR. ROBERT § HUDSON; and DR. ASUNCION RAMOS § SORIANO § § Defendants. | CIVIL ACTION NO. _____ JURY REQUESTED |

## DEFENDANT'S NOTICE OF REMOVAL

TO: The United States District Court for the Southern District of Texas, Laredo Division.

Defendants Hoffmann-La Roche Inc. and Roche Laboratories Inc., (incorrectly named as Roche Laboratories, Inc.") (collectively, "Roche") file this Notice of Removal to the United States District Court for the Southern District of Texas, Laredo Division. Plaintiff originally sued two non-diverse doctors, but Plaintiff filed a motion to non-suit the last of them on April 15, 2010, and an order of non-suit as to this defendant was signed on April 18, 2010. Complete diversity of citizenship therefore exists and removal is proper, as set forth below.

## INTRODUCTION

1. This is a pharmaceutical product liability case involving Accutane, a prescription medication that Roche formerly manufactured and distributed.

2. On May 27, 2010, Juan M. Ramirez, individually, and as next friend of his son, Juan M. Ramirez, III, filed this action against Roche, Dr. Robert Hudson and Dr.

1

Asuncion Ramos Soriano, in the 229th Judicial District Court of Jim Hogg County, Texas, Cause No. CC-10-78.  *See* Plaintiff's Original Petition at ¶ III.

3. On June 25, 2010, Juan M. Ramirez III (hereafter, "Plaintiff") filed an Amended Petition on his own behalf after obtaining the age of 18.  See Plaintiff's First Amended Original Petition ("Amend. Pet.") at ¶ III.

4. Plaintiff alleges that the prescription drug Accutane, which Roche formerly distributed, caused him to develop a form of inflammatory bowel disease called Crohn's Disease.  Plaintiff claims his disease was caused by *his father's* alleged ingestion of Accutane "in the mid-1980s" -- years before Plaintiff's conception and 1992 birth, and approximately twenty-five years before this suit was filed.  *Id.* at ¶ V.

5. Plaintiff sues Roche under theories of strict liability and negligence.  *Id*. at ¶¶ VI-VII.

6. Plaintiff sued Dr. Hudson (who allegedly prescribed Accutane for Plaintiff's father) and Dr. Ramos Sorianos (who allegedly treated Plaintiff) for negligence, (*id.* at ¶ IX-X); however Plaintiff has now non-suited his claims against both of them.

7. This action is one in which this Court has original subject-matter jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court by Roche pursuant to 28 U.S.C. § 1441(b), in that, following the non-suit of the doctors, is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Copies of all process, pleadings, and orders filed in the state court are attached hereto.

## DIVERSITY OF CITIZENSHIP

9. There is complete diversity of citizenship in this action under 28 U.S.C. § 1332.

10. Plaintiff Juan M. Ramirez, III, is and was at the time this suit was filed, a resident and citizen of Texas.

11. Defendant Hoffmann-La Roche Inc. is and was at the time this suit was filed a corporation organized under New Jersey law with its principal place of business in New Jersey. It, therefore, is not a citizen of Texas under 28 U.S.C. § 1332(c)(1).

12. Defendant Roche Laboratories Inc. is and was at the time this suit was filed a corporation organized under Delaware law with its principal place of business in New Jersey. It, therefore, is not a citizen of Texas under 28 U.S.C. § 1332(c)(1).

13. Former Defendant Dr. Robert Hudson is, and was at the time this suit was filed, a resident and citizen of Texas; however, shortly before the hearing on Dr. Hudson's motion to dismiss, Plaintiff non-suited his claims against Dr. Hudson. *See* Order of Non-Suit of Dr. Hudson dated October 19, 2010[1].

14. Former Defendant Dr. Ramos Soriano is, and was at the time this suit was filed, a resident and citizen of Texas; however, shortly before the hearing on Dr. Ramos-Soriano's motion to dismiss, Plaintiff non-suited his claims against Dr. Ramos-Soriano. *See* (Plaintiff's Motion for Non-Suit as to Defendant Asuncion Ramos-Soriano Only; Order of Non-Suit of Dr. Ramos-Soriano dated April 18, 2011.

15. Because Plaintiff voluntarily dismissed his claims against the only non-diverse defendants with prejudice, the case is now removable based on diversity of citizenship. *Powers v. Chesapeake & Ohio* Railway, 169 U.S. 92, 102-03 (1898) (non-

---

[1] Copies of the state court pleadings and orders are attached to this Notice of Removal.

suit of only non-diverse defendants makes case removable).  *See also Estate of Martineau v. ARCO Chemical Company*, 203 F.3d 904, 910-11 (5th Cir. 2000). (settlement with non-diverse defendants makes case removable).

## AMOUNT IN CONTROVERSY

16. Plaintiff alleges that as a result of his father's ingestion of Accutane, he developed Crohn's disease, which he asserts is a "lifelong diagnosis" and "horrible condition."  Amend. Pet. at ¶ XI; *see also id.* at ¶ V ("Juan M. Ramirez III has suffered, and in all probability will continue to suffer for the rest of his life, the debilitating consequences of the autoimmune disorder commonly called Crohns [sic] Disease.").

17. Plaintiff claims "physical pain and suffering, mental anguish, loss of physical capacity, loss of wages and/or wage earning capacity, disfigurement, physical impairment, and reasonable and necessary medical expenses."  *Id.*  Plaintiff sues for all of these damages, and for "all other losses allowed by Texas law."  *Id.*

18. Plaintiff further alludes to without specifying other injuries besides Crohn's Disease which he claims were caused by Accutane.  *Id.* at ¶ V ("Relatively soon thereafter [*i.e.*, following his birth] Juan M. Ramirez III was diagnosed, and continues with treatments, for *those various adverse effects associated with Accutane.*") (emphasis added).

19. Given (i) that Plaintiff alleges permanent, "debilitating" personal injuries manifesting "[r]elatively soon" after his birth, (ii) his youth (approximately age 19); and (iii) the scope of the damages he seeks, including medical care for a "lifelong" condition, and loss of earnings and earning capacity (among other damages), Plaintiff's First Amended Original Petition establishes on its face that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See, e.g., De Aguilar v. Boeing Co.*,

4

11 F.3d 55, 57 (5th Cir. 1993) (where it is "facially apparent" from the state-court petition that the amount in controversy exceeds the jurisdictional minimum, then the defendant need only point such fact out to successfully bear its burden).

## CONSENT TO REMOVAL

20. There are no other defendants remaining in the case whose consent is required for removal.

## TIMELINESS

21. This Notice of Removal is filed in accordance with 28 U.S.C. § 1446(b), which provides as follows:

> If a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

22. Defendant received facsimile copies of the Motion for Non-Suit of Dr. Ramos-Sorianos and the Agreed Order of Non-Suit on April 18, 2011. This removal is filed on April 19, 2011, one day later. The removal is therefore timely under 28 U.S.C. § 1446(b).

## PROPER COURT FOR REMOVAL

23. The United States District Court for the Southern District of Texas, Laredo Division, embraces Webb County, the county in which the state court action is now pending. *See* 28 U.S.C. § 124(d)(3). Thus, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

## CONCLUSION

24. Upon filing of this Notice of the removal of this cause, Roche is providing written notice of the filing by Defendants to Plaintiff and counsel as required by 28 U.S.C. § 1446(d).

25. Roche also is filing a copy of this Notice with the Clerk of the state court in which this cause was originally filed.

WHEREFORE, Roche hereby removes the above-styled action pending against it in the 341st Judicial District Court of Webb County, Texas, to this Honorable Court.

Respectfully submitted,

**BOWMAN AND BROOKE, LLP**

By: /s/ Susan E. Burnett
Mary R. Pawelek
Attorney-in-Charge
State Bar No. 00788170
Southern ID No. 21752
mary.pawelek@bowmanandbrooke.com
Susan E. Burnett
State Bar No. 20648050
Southern ID No. 18604
susan.burnett@bowmanandbrooke.com
600 Congress Avenue
Suite 1400
Austin, Texas 78701
(512) 874-3800
(512) 874-3801 [Fax]

**ATTORNEYS FOR DEFENDANTS
HOFFMANN-LA ROCHE INC. AND
ROCHE LABORATORIES INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 19th day of April, 2011.

***Via Certified Mail, Return Receipt Requested***

Douglas Allison
LAW OFFICES OF DOUGLAS ALLISON
403 N. Tancahua
Corpus Christi, Texas  78401

Tomas Ramirez III
ATTORNEY-AT-LAW
P.O. Box 474
Devine, Texas  78016-0474
***Attorneys for Plaintiffs***


                                                          /s/ Susan E. Burnett